UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BARNEY HOLLAND OIL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| FLEETCOR TECHNOLOGIES, INC. AND | ) | |
| FLEETCOR TECHNOLOGIES OPERATING | ) | |
| COMPANY, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## BARNEY HOLLAND OIL COMPANY'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Barney Holland Oil Company files this Original Complaint against FleetCor Technologies, Inc. and FleetCor Technologies Operating Company, LLC. Plaintiff would respectfully show the Court as follows:

### I.

### PARTIES

1.    Plaintiff, Barney Holland Oil Company ("Holland"), is a corporation that is incorporated under Texas law and that maintains its principal place of business in Tarrant County, Texas.

2.    Defendant FleetCor Technologies, Inc. ("FleetCor Inc.") is a corporation that is incorporated under Delaware law and maintains its principal place of business in Norcross, Georgia. FleetCor Inc. is authorized to do business in Texas and it may be served by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3.      Defendant FleetCor Technologies Operating Company, LLC ("FleetCor LLC") is a Georgia limited liability company whose sole member is FleetCor Inc.  FleetCor LLC is authorized to do business in Texas and it may be served by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because Holland, on the one hand, and FleetCor Inc. and FleetCor LLC (collectively "FleetCor"), on the other hand, are citizens of different states and the amount in controversy exceeds $75,000, and in fact exceeds $1,000,000, exclusive of interest and costs.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this district.

## III.

## CONDITIONS PRECEDENT

6.      All conditions precedent have been performed or have occurred.

## IV.

## BACKGROUND

**A.      The License Agreement Between Holland and FleetCor**

7.      FleetCor operates a fuel-card program known as the Fuelman system that enables businesses with fleets of vehicles to issue cards to their drivers to access fuel at participating retail fuel sites around the country.  The Fuelman system uses pre-purchase controls that restrict purchases to transactions that comply with guidelines established by the Fuelman customer,

including types of fuel, gallon limits per fill-up, gallon limits per week, and fueling events per day or week. The Fuelman system also provides detailed fuel reports.

8.    On October 3, 1995, Holland and Fleetman, Inc. entered into a License Agreement ("License Agreement") that granted Holland a 20-year license to exclusively operate the Fuelman system in the Dallas/Fort Worth ("DFW") territory, which consists of 24 specifically identified counties. FleetCor Inc. or FleetCor LLC, or both of them, are the successor-in-interest to Fleetman, Inc. and now stand in the shoes of Fleetman, Inc. relative to the License Agreement. Holland has met all its contractual obligations to FleetCor and has properly operated the Fuelman system for nearly 20 years within the DFW territory.

9.    Section 1.4 of the License Agreement provides Holland the unilateral right to renew the License Agreement for a second 20-year term. To renew, Holland must:

(a)    have fully performed all its obligations under the License Agreement and all other agreements between it and FleetCor;

(b)    provide notice of its election to renew no later than six months before the License Agreement expires;

(c)    execute and deliver to FleetCor the then-current form of the Fuelman License Agreement in use by FleetCor; and

(d)    pay a $5,000 renewal fee to FleetCor.

Holland has met all these requirements, but FleetCor refuses to renew the license.

10.    Holland has fully performed all its obligations under the License Agreement and all other agreements between it and FleetCor. On September 3, 2014 and again on March 27, 2015 (both more than six months before expiration of the term of the original license), Holland notified FleetCor in writing of its election to exercise its unilateral right to renew the License Agreement. Along with each of the renewal notices, Holland delivered an executed copy of the

then-current form of the Fuelman License agreement in use and tendered its check in the amount of $5,000 for the renewal fee.

11.     FleetCor improperly rejected each of the two renewals and claimed that (i) the license agreement executed and delivered by Holland was not the current form of the Fuelman License agreement and (ii) Holland had not met all its obligations under the existing License Agreement.  Both of these claims are inaccurate.

12.     Until 2001, FleetCor operated the nationwide Fuelman system through 30 licensees, each of which had the exclusive right to operate within a defined geographical territory.  Since 2001, FleetCor has terminated 29 of its 30 licensees, leaving Holland as the only operating licensee in the Fuelman system.   Consequently, the October 3, 1995 License Agreement between Holland and FleetCor, as amended in 1998, is the only form of the Fuelman License agreement currently in use by FleetCor.  And that is exactly what Holland executed and delivered to FleetCor with its exercise of its renewal option.  FleetCor rejected Holland's tender and sent Holland a copy of what FleetCor speciously calls the current version of the Fuelman License agreement in use.  But, because FleetCor no longer has any licensee other than Holland and because FleetCor now operates instead through marketing agreements, that new document is not the current form of the Fuelman license agreement in use – it is a marketing agreement. There are substantial and material differences between the document recently provided by FleetCor and the only form of a Fuelman License agreement currently in use.

13.     FleetCor also claims that Holland has not met all its contractual obligations, but FleetCor failed to specifically identify any example of an unmet contractual obligation.  Instead, FleetCor made vague claims of unmet contractual obligations, failed to provide the opportunity to cure contemplated by the License Agreement, and improperly rejected Holland's attempt to

cure based on FleetCor's vague claims of unmet obligations.  To the extent there are any obligations Holland has failed to meet, they are not material.

## V.

## CLAIMS ASSERTED AND REQUESTS FOR RELIEF

**A.      Request for Declaratory Judgment on Holland's License Renewal**

14.      Holland incorporates the allegations in the preceding paragraphs as if fully set forth herein.

15.      There is an actual and substantial controversy regarding Holland's right to renew the License Agreement and FleetCor's attempts to deny that right.  Pursuant to the provisions of FED. R. CIV. P. 57 and 28 U.S.C. § 2201, Holland requests that the Court enter a declaratory judgment construing the rights of the parties under the License Agreement with regard to this issue.  In particular, Holland requests that the Court enter judgment declaring the respective rights of the parties as follows:

> (a)      Holland's right to renew the License Agreement, provided by Paragraph 1.4 of that document, is subject to only four requirements:  (1) Holland must provide notice to FleetCor "…not later than six (6) months prior to the expiration…" of the primary term of the License Agreement; (2) Holland must tender to FleetCor "…a renewal fee…" in the amount of $5000; (3) Holland must "…execute and deliver to [FleetCor] the then-current form of the Fuelman License agreement in use by [FleetCor]"; and, (4) Holland must have "…fully performed all its obligations under the Agreement and all other agreements which may be in effect between [FleetCor and Holland]".

> (b)      The October 3, 1995 License Agreement between Holland and Fleetman, Inc. is the only Fuelman License agreement currently in use by FleetCor; and, therefore it is the only license agreement that complies with Paragraph 1.4 of the License Agreement.

> (c)      Holland has met all its contractual obligations to FleetCor, or alternatively, any obligation not met is immaterial and does not preclude renewal of the license.

(d)    Holland has complied with all the requirements of Paragraph 1.4 of the License Agreement.

(e)    Holland has renewed the License Agreement for a twenty-year period running from October 4, 2015 through October 3, 2035, in accordance with Paragraph 1.4 of the License Agreement.

**B.**    **Attorney's Fees and Expenses**

16.    Pursuant to paragraph 10.11 of the License Agreement, Holland is entitled to, and requests recovery of, all its attorneys' fees and all other expenses incurred in enforcing its contractual rights.

**VI.**

**DEMAND FOR JURY TRIAL**

17.    Pursuant to FED. R. CIV. P. 38, Holland demands a trial by jury.

**VII.**

**PRAYER**

For these reasons, Holland asks for a judgment against FleetCor for:

1.    Declaratory Judgment as set forth above in paragraph 15(a)–(e);

2.    Reasonable attorneys' fees and all other expenses incurred by Holland in enforcing its contractual rights;

3.    Court cost and pre-judgment and post-judgment interest; and,

4.    Such other and further relief as to which Holland may show itself justly entitled.

DATED:  April 27, 2015

Respectfully submitted,

*/s/ Donald E. Herrmann*
Donald E. Herrmann
State Bar No. 09541300
don.herrmann@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Jeff E. Whitfield
State Bar No. 24060825
jeff.whitfield@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas  76102
Telephone:  (817) 332-2500
Facsimile:  (817) 878-9280

**ATTORNEYS FOR PLAINTIFF
BARNEY HOLLAND OIL COMPANY**