


IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BARNEY HOLLAND OIL COMPANY, §
§
Plaintiff, §
§
VS. § NO. 4:15-CV-316-A
§
FLEETCOR TECHNOLOGIES, INC., §
ET AL., §
§
Defendants. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to dismiss or stay and compel arbitration filed by defendant FleetCor Technologies Operating Company, LLC ("FleetCor") on June 2, 2015. Plaintiff, Barney Holland Oil Company ("BHOC"), filed a response. Having considered the motion, response, and applicable legal authorities, the court concludes that such motion should be granted in part.

I.

Background

On October 3, 1995, BHOC and Fleetman, Inc. entered into the Fuelman License Agreement ("agreement"), which granted BHOC a twenty-year license to operate a "Fuelman system." Defendants, FleetCor and FleetCor Technologies, Inc., are successors-in-interest to Fleetman, Inc. Upon expiration of the twenty-year term, BHOC attempted to renew the agreement for an additional

twenty-year term, however it was denied that right. As a result, BHOC initiated this action on April 27, 2015 by the filing of a complaint which seeks a declaratory judgment that:

> (a) [BHOC]'s right to renew the License agreement, provided by Paragraph 1.4 of that document, is subject to only four requirements: (1) [BHOC] must provide notice to FleetCor "...not later than six (6) months prior to the expiration..." of the primary term of the License Agreement; (2) [BHOC] must tender to FleetCor "...a renewal fee..." in the amount of $5000; (3) [BHOC] must "...execute and deliver to [FleetCor] the then-current form of the Fuelman License agreement in use by [FleetCor]"; and, (4) [BHOC] must have "...fully performed all its obligations under the Agreement and all other agreements which may be in effect between [FleetCor and [BHOC]".
>
> (b) The October 3, 1995 License Agreement between [BHOC] and Fleetman, Inc. is the only Fuelman License agreement currently in use by FleetCor; and, therefore it is the only license agreement that complies with Paragraph 1.4 of the License Agreement.
>
> (c) [BHOC] has met all its contractual obligations to FleetCor, or alternatively, any obligation not met is immaterial and does not preclude renewal of the license.
>
> (d) [BHOC] has complied with all the requirements of Paragraph 1.4 of the License Agreement.
>
> (e) [BHOC] has renewed the License Agreement for a twenty-year period running from October 4, 2015 through October 3, 2035, in accordance with Paragraph 1.4 of the License Agreement.

Compl. at 5-6. BHOC also requests attorneys' fees and other expenses incurred while enforcing its contractual rights.

II.

The Motion

In its motion, FleetCor argued that the contract under which BHOC sued contained a valid and enforceable arbitration provision, and, therefore, (1) the arbitrator, not the court, should determine arbitrability, and (2) if the court is the appropriate forum to determine arbitrability, the court should find that this dispute falls within the arbitration provision.

III.

Applicable Legal Principles

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." AT&T Technologies., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986) (internal quotation marks omitted). For that reason, "courts presume that parties intend courts, not arbitrators, to decide what [has been] called disputes about arbitrability." BG Grp., PLC v. Republic of Arg., 134 S.Ct. 1198, 1206 (2014). "When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally (though with a qualification we discuss below) should apply ordinary state-law principles that govern the formation of contracts." First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995). The qualification is that "courts

should not assume that the parties agreed to arbitrate arbitrability unless there is clea[r] and unmistakeabl[e] evidence that they did so." Id. (internal quotation marks omitted) (alteration in original). In September 2000, the "American Arbitration Association adopted a new rule, R-8(a), that provided arbitrators could rule on their own jurisdiction." Gilbert St. Developers, LLC v. La Quinta Homes, LLC, 174 Cal. App. 4th 1185, 1188 (Cal.App.--Cal. 2009). The Fifth Circuit has held that the incorporation of the current rule of the American Arbitration Association "presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." Petrofac, Inc. v. DynMcDermott Petroleum Operations Co., 687 F.3d 671, 675 (5th Cir. 2012).

## IV.

## Application

The agreement provided that "arbitration proceedings shall be conducted in New Orleans, Louisiana and shall be conducted in accordance with the then-current Commercial Arbitration Rules of the American Arbitration Association." Def.'s App. at 44. The current Commercial Arbitration Rules of the American Arbitration Association ("AAA rules") give the arbitrator power to rule on his or her own jurisdiction. Thus, the parties clearly and unmistakably provided that arbitration proceedings would be

conducted in accordance with the AAA rules in effect at the time arbitration was conducted. Therefore, the arbitrator is tasked with determining arbitrability.

The Federal Arbitration Act provides that, where a court is satisfied that the issues involved in a case are referable to arbitration under an arbitration agreement, the court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3. For that reason, the court is ordering the above-captioned action stayed until the arbitrator determines the issue of arbitrability under the agreement.

V.

Order

Therefore,

The court ORDERS that: (1) FleetCor's motion to dismiss be, and is hereby, denied; (2) FleetCor's motion for stay be, and is hereby, granted; (3) FleetCor's motion to compel arbitration be, and is hereby, granted as to the issue of arbitrability; (4) the parties arbitrate the issue of arbitrability of the issues presented in BHOC's original complaint filed in this action; and (5) the parties, by August 31, 2015, report to the court the

decision of the arbitrator as to the arbitrability of the issues presented in the above-captioned action.

SIGNED July 31, 2015.

JOHN McBRYDE
United States District Judge